FILED

2018 MAY -1 PM 2:58

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAYLA TAMBURELLO,

    Plaintiff,

CASE NO.: 6:18-cv-675-ORL-40-DCI

-vs-

FRANKLIN COLLECTION
SERVICE, INC.,

    Defendant.
_____/

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, CAYLA TAMBURELLO (hereinafter "Plaintiff" or "Ms. Tamburello"), hereby sues Defendant, FRANKLIN COLLECTION SERVICE, INC. (hereinafter "Defendant"), and alleges violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA"), and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA").

### INTRODUCTION

1.    The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to "eliminate abusive debt collection practices by debt collectors." Debt collectors are prohibited from threatening or harassing debtors, and their contacts with debtors are restricted. 15 U.S.C. §1692(e).

1

2. The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4. The alleged violations described herein occurred in Orange County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, and at all relevant times resided in Orange County, Florida.

6. Defendant is a full range collection services agency, and provides debt collection services throughout the State of Florida, including Orange County, Florida.

7. All references to Defendant named herein shall also include Defendant's predecessors.

8. All conditions precedents to this action have been fulfilled, waived or performed.

## COUNT I
### (Violation of the FDCPA)

9. Plaintiff realleges paragraphs one (1) through eight (8) above as if fully set forth herein.

10. This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

11. At all times material hereto: (a) Plaintiff is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

12. Plaintiff is a natural person obligated or allegedly obligated to pay monetary debt to Defendant that arose out of a transaction in which the money, property, insurance or service which are the subject of the transaction are primarily for personal, family or household purposes.

13. Defendant regularly uses instrumentalities of commerce within the State of Florida, the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant had actual or constructive knowledge of its conduct in settling and collecting upon consumer debts as alleged herein.

15. On or about February 11, 2018, Defendant sent Plaintiff a collection letter (the "Collection Letter"). A true and correct copy of the Collection Letter is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

16. The Collection Letter is an attempt to collect payment from Plaintiff for a consumer debt (the "Alleged Debt").

17. The Collection Letter states "[w]e seldom resort to litigation if the account is resolved in a timely manner." (the "Unlawful Collection Language").

18. The plain meaning of the Unlawful Collection Language is that even if the account [Alleged Debt] is paid, Defendant may still bring suit against the Plaintiff.

19. Defendant has no legal right or basis to maintain a legal cause of action against Plaintiff if the Alleged Debt is paid.

20. Sending the Collection Letter containing the Unlawful Collection Language constitutes consumer debt collection activity against Plaintiff in regards to delinquent amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Activity").

21. Defendant's Debt Collection Activity as described herein is a violation of 15 U.S.C. §1692(e), (e)(2), (e)(5), and e(10), which provide:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> *(2)The false representation of—*
> *(A) the character, amount, or legal status of any <u>debt</u>; or*
> *(B) any services rendered or compensation which may be lawfully received by any <u>debt collector</u> for the collection of a debt*

4

> *(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any <u>debt</u> or to obtain information concerning a <u>consumer</u>.*

22. Defendant's Debt Collection Activity as described herein is a violation of 15 U.S.C. §1692(f), which provides:

> *§1692(f) A <u>debt collector</u> may not use unfair or unconscionable means to collect or attempt to collect any debt.*

23. As a result of the Debt Collection Activity and Defendant's violation of the FDCPA as described herein, Plaintiff has been injured.

24. Plaintiff is (a) is entitled to collect her attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, CAYLA TAMBURELLO, demands judgment against Defendant, FRANKLIN COLLECTION SERVCE, INC., in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to 15 U.S.C. §1692(k); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II
### Violation of Florida Statutes, Section 559.72 (FCCPA)

25. Plaintiff realleges paragraphs one (1) through eight (8) above as if fully set forth herein.

26. This is an action against Defendant for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

27. At all times material hereto: (a) Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the Alleged Debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

28. Plaintiff is a natural person obligated or allegedly obligated to pay monetary debt to Defendant that arose out of a transaction in which the money, property, insurance or service which are the subject of the transaction are primarily for personal, family or household purposes.

29. Defendant is a debt collector within the meaning of FCCPA.

30. Defendant's conduct as set forth herein was intentional and made in furtherance of an attempt to collect upon a consumer debt.

31. Defendant regularly uses instrumentalities of commerce within the State of Florida, the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

32. Defendant had actual or constructive knowledge of its conduct in settling and collecting upon consumer debts as alleged herein.

33. On or about February 11, 2018, Defendant sent Plaintiff a collection letter (the "Collection Letter"). A true and correct copy of the Collection Letter is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

34. The Collection Letter is an attempt to collect payment from Plaintiff for a consumer debt (the "Alleged Debt").

35. The Collection Letter states "[w]e seldom resort to litigation if the account is resolved in a timely manner." (the "Unlawful Collection Language").

36. The plain meaning of the Unlawful Collection Language is that even if the account [Alleged Debt] is paid, Defendant may still bring suit against the Plaintiff.

37. Defendant has no legal right or basis to maintain a legal cause of action against Plaintiff if the Alleged Debt is paid.

38. Sending the Collection Letter containing the Unlawful Collection Language constitutes consumer debt collection activity against Plaintiff in regards to delinquent amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Activity").

39. Defendant's Debt Collection Activity as described herein is a violation of Florida Statutes, § 559.72(9) which provides:

> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

40. As a result of the Debt Collection Activity and Defendant's violation of the FCCPA, Plaintiff has been damaged and Defendant is liable to Plaintiff for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

41. Plaintiff (a) is entitled to collect her attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji +

Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

Wherefore, Plaintiff, CAYLA TAMBURELLO, demands judgment against Defendant, FRANKLIN COLLECTION SERVICE, INC., in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

          STAMATAKIS + THALJI + BONANNO

          By: / s / Nick Fowler
          Nick Fowler, Esquire
          Florida Bar No.: 81856
          Sami Thalji, Esquire
          Florida Bar No.:165913
          Scott D. Stamatakis, Esquire
          Florida Bar No.:178454
          Melissa Thalji, Esquire
          Florida Bar No.: 174467
          P.O. Box 341499
          Tampa, Florida 33694
          (813) 282-9330 (telephone)
          (813) 282-8648 (facsimile)
          Notice of Primary Email: Service@MyInjury.com